**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| JACOB A. CRUMPLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:16-cv-02298-DDC-GLR |
| | ) | |
| ASSOCIATED WHOLESALE GROCERS, INC., | ) | |
| ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

<u>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DEFER RULING OR,
IN THE ALTERNATIVE, FOR LEAVE TO FILE A SURREPLY**</u>

COMES NOW Plaintiff Jacob Crumpley (hereinafter "Plaintiff"), by and through his

undersigned attorneys, for his Memorandum in Support of Plaintiff's Motion to Defer Ruling on

Defendant Associated Wholesale Grocers, Inc.'s (hereinafter "Defendant AWG") Motion to

Dismiss for Failure to State a Claim Upon Which Relief May be Granted or, in the Alternative,

for Summary Judgment (hereinafter "Motion for Summary Judgment") (Doc. 59), or, in the

Alternative, Motion to File Surreply, states as follows:

**I.      NATURE OF THE MATTER**

Plaintiff responded to a job posting for an EMT/Security Guard, and was hired by and

through Defendant Clarence M. Kelley and Associates, (hereinafter "Defendant Kelley") to work

for Defendant AWG providing security and EMT services at its facility in Kansas City, Kansas.

While Defendant Kelley handled the human resources aspects of Plaintiff's employment and

managed some communications between himself and Defendant AWG's employees, Plaintiff's

work was on behalf of Defendant AWG, for the benefit of Defendant AWG, and at the pleasure

of Defendant AWG. Defendant Kelley made it clear to Plaintiff that as it regarded Plaintiff's

employment, Defendant AWG was in control, and Defendant Kelley would always do whatever Defendant AWG wanted.

Plaintiff has a medical condition which causes him to have infrequent seizures. After he had one at work, Defendant AWG apparently became very nervous about the condition. Rather than work to accommodate Plaintiff, as is required by federal law, it cut back his hours, first in part, and then completely, and terminated him. It specifically instructed his direct supervisor at Defendant Kelley not to tell him or anyone else that his seizures were the reason for his termination. However, it is clear from his statement, and those of the Vice President of Kelley, that Plaintiff's condition was the reason his hours were cut ant that he was eventually terminated.

Before nearly any discovery had been completed, and well before Plaintiff had the opportunity to take a single deposition, Defendant AWG filed a Motion that, in part, sought summary judgment, based largely on documents produced in discovery by various parties (along with a single affidavit). Plaintiff filed his Memorandum in Opposition, and also relied heavily on documents it has received in discovery from Defendants. Plaintiff has not yet taken the depositions of Defendants in order to provide this Court with their deposition testimony in order to lay the proper foundation for the documents they produced. Defendant AWG filed a Reply Memorandum, and the main argument contained therein was that Plaintiff's objections were not supported by admissible evidence.

As this memorandum will demonstrate, Plaintiff has not had the opportunity to conduct adequate discovery in order to produce such evidence. As a result, a ruling on Defendant AWG's motion should be deferred until Plaintiff has the opportunity to conduct further discovery and file

a surreply containing his additional evidence. If the Court will not defer the motion, Plaintiff respectfully requests the opportunity to file a surreply at this time.

## II.    CONCISE STATEMENT OF THE FACTS

1.    On December 15, 2016, Defendant AWG filed its Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted or, in the Alternative, for Summary Judgment. (Doc. 59) It also filed an accompanying Memorandum in Support. (Doc. 60).

2.    In its Uncontroverted Statements section of its Memorandum in Support, Defendant AWG cited to twelve exhibits (labeled Exhibit A through Exhibit L) as well as Plaintiff's Complaint. (Doc. 60, at 2-10).

3.    Only one exhibit, labeled Exhibit A, was a sworn affidavit. (Doc. 60-1). The remaining exhibits were made up of a variety of letters, forms, documents, and electronic mail messages.

4.    Many of Defendant AWG's purportedly uncontroverted facts relied on these documents that are unsupported by an affidavit or other verification that would make such documents admissible. Specifically, Uncontroverted Facts 12, 14, 16, 17, 18, 19, 20, 22, 23, 24, 25, 26, 27, 28, 30, 32, 34, 37, 38, 39, 40, 41 (in part), 42, 44, 45, 46, 48, 49, 50, 51, 52, 53, 54, and 55 reply are not supported by evidence that is admissible at trial. (Doc. 60, at 2-10).

5.    On January 5, 2017, Plaintiff filed his Memorandum in Opposition to Defendant AWG's Motion. (Doc. 65).

6.    On January 19, 2017, Defendant AWG filed its Reply Memorandum in Support of its Motion. (Doc. 67).

7.     Attached to the Reply Memorandum was a new affidavit, executed by Defendant AWG's employee, Jerry Burke, apparently signed the same day, January 19, 2017. (Doc. 67-1).

8.     Defendant AWG's Memorandum relies heavily on assertions that Plaintiff's Memorandum in Opposition is based on inadmissible evidence. (See, e.g. Doc. 67 at 43).

9.     Plaintiff has not yet taken the deposition of any employees, officers, or representatives of Defendant AWG or Defendant Clarence M. Kelley and Associates, Inc. (hereinafter "Defendant Kelley"). (Affidavit of Katherine Myers, attached hereto as **Exhibit A**, at 1, ¶ 5).

10.    In order to present admissible evidence to this Court in its response to Defendant AWG's Motion, Plaintiff must conduct further discovery to obtain additional evidence, including deposition testimony, responsive to Defendant AWG's Motion for Summary Judgment and to obtain deposition testimony which will lay the proper foundation for the documents supporting Plaintiff's opposition to such motion. (Ex. A at 1-2, ¶ 6).

11.    At this time, Plaintiff cannot present certain facts essential to justify his opposition to Defendant AWG's Motion for Summary Judgment. (Ex. A at 2, ¶ 7).

## III.    QUESTIONS PRESENTED

Has Plaintiff shown by affidavit or declaration that he cannot present facts essential to justify his opposition to Defendant AWG's Motion for Summary Judgment?

## IV.    ARGUMENT

### A.    Legal Standard

This is an action under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12111 *et seq.* (hereinafter "ADA"). Defendant AWG filed its Motion for Summary Judgment,

which it purported was both a motion to dismiss and a motion for summary judgment. (Doc. 59). However, because in the motion matters outside the pleadings were presented, it would be in any case treated as a motion for summary judgment. Fed. R. Civ. P. 12(d). Although in its initial Memorandum in Support (Doc. 60) it relied on numerous documents not supported by affidavit, in its Reply Memorandum  it criticized Plaintiff for doing the same. (Doc. 67). Pursuant to the Fed. R. Civ. P. 56(d), Plaintiff should be provided the opportunity to seek adequate discovery to respond to the Motion for Summary Judgment.

It is well established that "summary judgment should not be granted where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Trans-Western Petroleum, Inc. v. US Gypsum Co.*, 830 F. 3d 1171 (10th Cir. 2016) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5 (1986)) (internal quotation omitted). When "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," a court may grant relief, including to "defer considering the motion or deny it" or to "allow time to obtain affidavits or declarations or to take discovery." Fed. R. Civ. P. 56(d). A party seeking relief under Rule 56(d) should "identify with some degree of specificity the facts it believes additional discovery will uncover." *Harlan v. United Fire & Cas. Co.*, 2015 WL 4617399, at *4 (D. Kan. July 31, 2015). Once they do, unless the request is "dilatory or lacking in merit," it "should be liberally treated." *Id.*

Defendant AWG's Motion is based on the argument that it is not an "employer" under the ADA. (Doc. 60, Memo. in Supp. at 13). Because Plaintiff was hired by Defendant AWG through a job placement firm (Defendant Kelley), Defendant AWG claims it is not liable as an employer. (*Id.*). However, it admits that if the "joint employer test," it could be consider an

employer for the purposes of the ADA. (*Id.*). The joint employer test applies where "two entities . . . share or co-determine those matters governing the essential terms and conditions of employment." *Knitter v. Corvias Military Living, LLC*, 758 F.3d 1214, 1226 (10th Cir. 2014) (internal citations omitted). In such instances, both entities are liable as employers for violations of the ADA. *Bristol v. Bd. of Cty. Comm'rs of the Cty of Clear Creek*, 312 F.3d 1213, 1217 (10th Cir. 2002).

In analyzing whether shared control exists, federal courts use a weighted factors test. The "[m]ost important" factor is "the right to terminate" employment. *Knitter*, 758 F.3d at 1226 (quoting *Bristol*, 312 F.3d at 1218). Other factors include the ability to make work rules and give assignments; the ability to "set conditions of employment, including compensation, benefits, and hours;" the day-to-day supervision of the employee, including the ability to discipline; and "control of employee records, including payroll, insurance, taxes and the like." *Id.* (quotation marks omitted).

**B.     Plaintiff has shown by affidavit that he cannot present facts essential to justify his opposition to Defendant AWG's Motion**

Plaintiff needs to be able to conduct further discovery to respond to Defendant AWG's Motion. In order for Plaintiff to produce admissible evidence showing the joint employer factors apply in favor of a finding of joint employment, he will need conduct further discovery, including (but not limited to) taking the depositions of employees of each Defendant, as well as its corporate representatives. (Ex. A at 1-2, ¶ 6). Plaintiff has not yet had the opportunity to do so. (Ex. A at 1, ¶ 5). In accordance with Fed. R. Civ. P. 56(d), Plaintiff has filed an affidavit showing that, for specified reasons he cannot present facts essential to justify his opposition to Defendant AWG's Motion for summary judgment, and which identifies with specificity the facts

he believes additional discovery will uncover. As mentioned above, that Affidavit is attached hereto as Exhibit A.

Defendant AWG relied heavily in its Memorandum in Support on the Unarmed Premium Asset Protection Service Agreement, followed by (hereinafter, their "Agreement") between it and Defendant Kelley. (See, e.g., Doc. 60, ¶¶ 1, 2, 4-11, all citing to Doc. 60-1). However, that Agreement is subject to a number of potential alterations after the fact. For example, many of Defendant Kelley's responsibilities existed "unless otherwise agreed to by" Defendant AWG. (Doc. 60-1 at 7, III.c). As such, Defendant Kelley only had employer responsibilities to the extent Defendant AWG wanted them to. Moreover, the "conduct and scope of responsibility" of people in Plaintiff's position is to be governed by "policy, rules and Post Orders mutually agreed to by both parties." (Doc. 60-1 at 7, III.b). However, Defendant AWG dismisses the relevance of these sections because "Plaintiff does not cite any fact to establish" that any actual variance occured. (Doc. 67, Reply Memo. at 3). If Plaintiff were able to conduct further discovery and take depositions, he would be likely to find evidence of such variances. (Ex. A at 2, ¶ 11).

Defendant AWG argues that it did not have the power to terminate Plaintiff. (Doc. 60, Memo. in Supp. at 16). Plaintiff argued that Defendant AWG did have that ability, and that there is evidence to show that it did, including email messages between Defendant AWG and Defendant Kelley. (Doc. 65, Memo. in Opp. at 24). Defendant AWG contends that these assertions are not "appropriately supported by the record."  (Doc. 67, Reply Memo. at 46). If Plaintiff had the reasonable opportunity to conduct discovery, he would almost certainly be able to produce such evidentiary support. (Ex. A at 2-3, ¶ 13). Moreover, at least one court has held that no joint employment exists where, among other facts relating to the joint employer

relationship, a defendant did not believe it had the power to terminate a plaintiff. *Knitter*, 758 F.3d at 1229. Plaintiff has not had adequate opportunity to discover whether Defendant AWG or any of its employees believed they had the power to terminate Plaintiff. (Ex. A at 2, ¶ 12).

Defendant AWG also argued that it did not promulgate work rules for Plaintiff. (Doc. 60, Memo. in Supp. at 19). Plaintiff showed that Defendant AWG did have the ability to do so, and that it provided numerous documents, referred to by Defendant Kelley as "training materials" that represented such a promulgation to Defendant Kelley by Defendant AWG. (Doc. 65, Memo. in Opp. at 25). Defendant AWG counters that Plaintiff "failed to cite to any admissible record evidence" that these were training materials. (Doc. 67, Reply Memo. at 50). Although Defendant AWG does not seem to dispute Plaintiff's assertion that these are work rules it promulgated, Plaintiff requires the ability to take depositions in order to seek evidentiary support for the relevance and value of these documents. (Ex. A at 3, ¶ 15, 16).

With regard the the third factor, the ability to supervise and discipline Plaintiff, Defendant AWG argues it lacked that ability. (Doc. 60, Memo. in Supp. at 20-21). Plaintiff showed that there was evidence to raise controversy that would permit a jury to find that Defendant AWG did have significant authority to supervise and discipline Plaintiff. (Doc. 65, Memo. in Opp. at 29). Defendant AWG dismisses Plaintiff's evidence, an email from Amber Morlan, as "hearsay within hearsay." (Doc. 67, Reply Memo. at 53). However, if Plaintiff was able to depose Ms. Morlan, he would likely be able to produce admissible evidence regarding her degree of supervision over Plaintiff. (Ex. A at 3, ¶ 15).

Plaintiff anticipates that Defendant AWG will contend that Plaintiff should have filed this motion in response to its initial Motion for Summary Judgment instead of filing his

Memorandum in Opposition. However, nothing in the rule nor any case law Plaintiff can find requires such timing. In Plaintiff's Memorandum in Opposition, he did not object to Defendant AWG's extensive reliance on material that had not been supprted by affidavit, and therefore was potentially inadmissible. (Doc. 65). Only when Defendant AWG did so in its Reply Brief was Plaintiff aware that it intended to argue that some material produced in discovery might not be able to satisfy Plaintiff's obligations to produce evidence for summary judgment. (Doc. 67). Therefore, Defendant AWG cannot now argue that Plaintiff's claim was somehow untimely.

### C.      Surreply

If the Court denies Plaintiff's motion pursuant to Rule 56(d), Plaintiff requests, in the alternative, that he be permitted to file a surreply at this time. Defendant AWG has rasied new materials in its Reply Motion, including an affidavit. (Doc. 67-1). This affidavit was executed on January 19, 2017, after Plaintiff's Memorandum in Opposition had been filed. In order for Plaintiff to have an opportunity to respond to these new materials, the Court should grant Plaintiff leave to file a surreply. While the Court has descretion in matters involving the supervision of litigation, the Tenth Circuit has held that "[g]enerally the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply," and a court's failure to do so is an abuse of its discretion if it relies on the new material. *Locke v. Grady Cnty.*, 437 Fed. Appx. 626, 633 (10th Cir. 2011).

## V.      CONCLUSION

Plaintiff is currently engaged in written discovery with both Defendants in order to obtain the documentation which he intends to use in the depositions of the parties. These documents and the deposition testimony he acquires from the Defendants will most likely lead to the discovery

of specific evidence Plaintiff will use to oppose Defendant AWG's Motion for Summary Judgment. Because Plaintiff has not yet had the opportunity to pursue the discovery to which he is entitled, he cannot present facts essential to justify his opposition to that motion. Plaintiff has shown this by affidavit. Therefore, under Fed. R. Civ. P. 56(d), his motion should be granted, and Defendant AWG's Motion for Summary Judgment should either be dismissed or the ruling on such motion deferred.

If this Court does not grant Plaintiff's motion pursuant to Rule 56(d), he requests the Court grant him leave to file a surreply so he can address the new allegations of Defendant AWG and the contents of the new affidavit it filed.

WHEREFORE, Plaintiff Jacob Crumpley humbly requests that if this Court does not enter an Order Denying Defendant Associated Wholesale Grocers, Inc.'s Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted or, in the Alternative, for Summary Judgment (Doc. 59), then it enter an Order deferring ruling on said Motion until the close of discovery pursuant to Fed. R. Civ. P. 56(d)(1), or, in the alternative, allowing Plaintiff time to obtain affidavits and take discovery pursuant to Fed. R. Civ. P. 56(d)(2), and for any further relief which this Court deems just and proper. If the Court will not grant such motion, Plaintiff requests leave to file a Surreply Memorandum in Opposition.

Date: January 29, 2017                    Respectfully submitted,

                                          By: /s/ *Alexander Edelman*
                                          Alexander Edelman,      #KS- 25821
                                          Katherine E. Myers,     #KS- 25833
                                          Edelman, Liesen & Myers, L.L.P.
                                          4051 Broadway, Suite 4
                                          Kansas City, MO 64111
                                          816-533-4976
                                          Fax: 816-463-8449
                                          aedelman@elmlawkc.com
                                          kmyers@elmlawkc.com

                                   **ATTORNEYS FOR PLAINTIFF**

                             **CERTIFICATE OF SERVICE**

        I hereby certify that on this 29th day of January, 2017, a true and correct copy of the

foregoing was filed with the CM/ECF system which sent notification to:

    Sean M. Sturdivan
    Kaitlin Marsh-Blake
    Sanders Warren & Russell LLP
    9401 Indian Creek Parkway, Suite 1250
    Overland Park, Kansas 66210
    Phone: (913) 234-6100 Fax: (913) 234-6199
    s.sturdivan@swrllp.com
    K.marsh-blake@swrllp.com
    ATTORNEYS FOR DEFENDANT CLARENCE M. KELLEY & ASSOC.

    Karen R. Glickstein
    Katharine K. Sangha
    POLSINELLI PC
    900 West 48th Place
    Kansas City, MO 64112
    Phone: 816-753-1000
    Fax: 816-753-1536
    kglickstein@polsinelli.com
    ksangha@polsinelli.com
    ATTORNEYS FOR DEFENDANT ASSOCIATED WHOLESALE GROCERS, INC.

                                          By:  /s/ *Alexander Edelman*
                                             ALEXANDER EDELMAN
                                             ATTORNEY FOR PLAINTIFF

                                     -11-