## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JACOB A. CRUMPLEY,                    )
                                      )        ┌─────────┐
            Plaintiff,                )        │ Exhibit │
                                      )        │    A    │
v.                                    )        └─────────┘
                                      )        Case No. 2:16-cv-02298-DDC-GLR
ASSOCIATED WHOLESALE GROCERS, INC.,   )
ET AL.                                )
                                      )
            Defendants.               )

### AFFIDAVIT OF KATHERINE MYERS

I, Katherine Myers, swear or affirm:

1. My name is Katherine Myers.

2. I am an attorney licensed to practice law in the United States District Court for the District of Kansas.

3. I represent Plaintiff Jacob Crumpley (hereinafter "Plaintiff"), who is the Plaintiff in the above-captioned matter.

4. I am familiar with the details of Plaintiff's case, including the ongoing discovery process.

5. At this time, Plaintiff has not taken the deposition of any employees, officers, or representatives of Defendant Associated Wholesale Grocers, Inc., (hereinafter "Defendant AWG") or Defendant Clarence M. Kelley and Associates, Inc. (hereinafter "Defendant Kelley"), as Plaintiff is still conducting written discovery.

6. In order to present admissible evidence to this Court in its response to Defendant AWG's Motion, Plaintiff must conduct further discovery to obtain additional evidence, including deposition testimony, responsive to Defendant AWG's Motion for Summary Judgment and to obtain deposition testimony which will lay the proper foundation for the

documents supporting Plaintiff's opposition to such motion.

7.  At this time, Plaintiff cannot present certain facts essential to justify its opposition to Defendant AWG's Motion for Summary Judgment.

8.  Based on documents produced in discovery, Plaintiff believes that by taking depositions of their employees, officers, and corporate representatives, he will be able to discover admissible evidence regarding the nature of the relationship between Defendant AWG and Defendant Kelley.

9.  Based on documents produced in discovery, Plaintiff has not had the opportunity to establish the veracity of the various exhibits produced by Defendants, and potentially lay the groundwork for their admissibility.

10. Based on documents produced in discovery, Plaintiff believes that through further discovery and the taking of depositions of the employees, officers, and corporate representatives of Defendant AWG and Defendant Kelley, he will be able to establish the veracity of the various exhibits produced by Defendants, and lay the groundwork for their admissibility.

11. Based on documents produced in discovery, Plaintiff believes he is likely to discover admissible evidence that Defendants created writings that changed how Plaintiff's employment was governed, as permitted by the Agreement between them.

12. Based on documents produced in discovery, including documents that indicate that employees of Defendant AWG instructed Defendant Kelley not to terminate Plaintiff, Plaintiff is likely to discover admissible evidence that the employees of Defendant AWG believed they had the power to terminate Plaintiff's employment.

13. Based on documents produced in discovery, Plaintiff is likely to discover admissible

evidence that Defendant Kelley would do whatever Defendant AWG wanted with regard to Plaintiff's employment, including terminating Plaintiff.

14. Based on documents produced in discovery, Plaintiff is likely to discover admissible evidence regarding the role Defendant AWG played in Plaintiff's hiring.

15. Based on documents produced in discovery, Plaintiff is likely to discover admissible evidence showing the degree of supervision over Plaintiff provided by Defendant AWG's employees, including Amber Morlan and Jerry Burke.

16. Based on documents produced in discovery, Plaintiff is likely to discover admissible evidence showing materials provided to Defendant Kelley by Defendant AWG were considered, at least by Defendant Kelley, to be training materials for Plaintiff, and that they represented work rules promulgated by Defendant AWG that governed Plaintiff's employment.

I SWEAR OR AFFIRM THAT THE ABOVE AND FOREGOING REPRESENTATIONS ARE TRUE AND CORRECT TO THE BEST OF MY INFORMATION, KNOWLEDGE, AND BELIEF.

_____          01/29/2017
Katherine Myers                            Date

**STATE OF MISSOURI**     )
                          ) SS
**COUNTY OF JACKSON**     )

Subscribed and sworn or affirmed before me this 29th day of January, 2017

_____
Notary Public
My Commission Expires: 10/2/2017

Alexander Edelman - Notary Public
Notary Seal, State of
Missouri - Jackson County
Commission #13533829
My Commission Expires 10/2/2017

Page 3 of 3