**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **JACOB A. CRUMPLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 2:16-cv-02298-CM-GLR** |
| | ) | |
| **ASSOCIATED WHOLESALE** | ) | |
| **GROCERS, INC.** | ) | |
| | ) | |
| **AND** | ) | |
| | ) | |
| **CLARENCE M. KELLEY AND** | ) | |
| **ASSOCIATES, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT ASSOCIATED WHOLESALE GROCERS, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION TO DEFER RULING OR,
IN THE ALTERNATIVE, FOR LEAVE TO FILE A SURREPLY**

Plaintiff Jacob A. Crumpley ("Plaintiff") has failed to establish any grounds for the Court to defer its ruling on Defendant Associated Wholesale Grocers, Inc.'s ("AWG") Motion to Dismiss for Failure to State a Claim upon Which Relief May Be Granted or, in the Alternative, for Summary Judgment ("AWG's Motion"). In addition, Plaintiff has failed to set forth any cognizable argument as to why he should be granted leave to file a surreply to AWG's Motion, as he has failed to comply with the Local Rule governing how a party may request to file a pleading or other document that may not be filed as a matter of right. Consequently, this Court should deny Plaintiff's Motion to Defer Ruling or, in the Alternative, for Leave to File a Surreply ("Plaintiff's Motion").

**I.     NATURE OF THE MATTER**

As this Court is now well aware, Plaintiff has brought claims against both AWG and Clarence M. Kelley and Associates, Inc. ("Kelley") for discrimination and retaliation based on

56027225.4

his alleged disability, in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12111 *et seq*. AWG filed a Motion to Dismiss Plaintiff's original Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) which was granted with the caveat that Plaintiff could attempt to replead in order state a claim. As a result, Plaintiff filed a First Amended Complaint ("Amended Complaint"). Because that pleading also failed to state a valid legal claim, and because the discovery conducted in the intervening time period established that, even if the Amended Complaint alleged sufficient facts to meet the pleading requirements, there were no facts which would support a finding that AWG employed Plaintiff, AWG filed a second Motion to Dismiss (or, alternatively, for Summary Judgment) with respect to the Amended Complaint.

AWG's second Motion is fully briefed and pending before the Court. Belatedly, Plaintiff now requests that this Court stay its ruling on the Motion and allow Plaintiff to conduct additional—and entirely unnecessary—discovery. Because Plaintiff has failed to establish *any* reason for this Court to stay its ruling on AWG's Motion, and Plaintiff has failed to appropriately request leave to file a surreply, this Court should deny Plaintiff's Motion in its entirety.

## II.    STATEMENT OF RELEVANT FACTS

1.      On October 7, 2016, AWG and Kelley served Rule 26(a) Initial Disclosures on all parties. *See* Doc. 28 (AWG); Doc. 29 (Kelley). AWG and Kelley each produced the documents identified in their respective Rule 26(a) Initial Disclosures later that month.

2.      On November 21, 2016, Plaintiff served written discovery on AWG and Kelley. *See* Doc. 52.

3.      AWG filed its second Motion to Dismiss (or, alternatively, for Summary Judgment) on December 15, 2016. *See* Doc. 59.

2

4.      Before Plaintiff's response to AWG's Motion was due, AWG and Kelley served their respective discovery responses on Plaintiff, including additional documents.  *See* Doc. 62 (AWG); Doc. 64 (Kelley).

5.      Plaintiff filed his opposition to AWG's Motion on January 5, 2017, *see* Doc. 65, and relied upon approximately 150 pages of documents produced by AWG and Kelley in their respective Rule 26(a) Initial Disclosures and responses to Plaintiff's discovery requests.  *See* Exhibits A-Q attached to Doc. 65.

6.      In his opposition brief, Plaintiff never indicated, pursuant to Rule 56(d), that he was unable to "present facts essential to justify [his] opposition."  Nor did Plaintiff request, pursuant to this Rule, that the Court defer considering AWG's Motion, deny AWG's Motion, or "allow time to obtain affidavits or declaration or to take discovery."

7.      AWG's Reply in support of its Motion was filed on January 19, 2017, *see* Doc. 67, at which point AWG's Motion was ripe for ruling.

**III.    QUESTIONS PRESENTED**

A.      Should this Court deny Plaintiff's Motion, where Plaintiff has already fully responded to AWG's Motion and has not shown any facts essential to his opposition to AWG's Motion that could be obtained through additional discovery?

B.      Should this Court deny Plaintiff's Motion, where Plaintiff has failed to comply with Local Rule 15.1, which requires a party seeking leave to file a surreply to attach a proposed surreply to his motion for leave?

## IV.    ARGUMENTS AND AUTHORITIES

### A.    Plaintiff's Rule 56(d) motion should be denied.

A summary judgment motion may be filed "at any time until 30 days after the close of all discovery." Rule 56(b). "In responding to a motion for summary judgment, litigants exercise full and free choice as to what evidence to put before the judge." *Harrell v. Dillard's Inc.*, No. 11-CV-800-JHP-FHM, 2012 WL 3061482, at *5 (N.D. Okla. July 26, 2012) (citing *Conway Corp. v. Ahlemeyer*, 754 F. Supp. 604, 605 (N.D. Ill. 1991)).  Courts are therefore "entitled to treat the litigants' summary judgment presentations as constituting the full story." *Id.* (citing *Conway*, 754 F. Supp. at 606; *Walker v. Progressive Direct Ins. Co.*, No. 09-CV-556-TCK-PJC, 2011 WL 3321260, at *1 (N.D. Okla. Aug. 2, 2011)).  Pursuant to Rule 56(d), however, a non-moving party may show by "affidavit or declaration that, for specified reasons, it cannot present facts *essential* to justify its [summary judgment] opposition." (emphasis added).  Upon such a showing, a court may defer considering a summary judgment motion, deny it, allow the non-moving party additional time to conduct discovery or obtain affidavits or declarations, or otherwise "issue any other appropriate order." Rule 56(d).  The denial of a Rule 56(d) motion is reviewed for abuse of discretion. *Trans–Western Petrol., Inc. v. United States Gypsum Co.*, 830 F.3d 1171, 1175 (10th Cir. 2016).

### 1.    Plaintiff—who has *already* fully responded to AWG's Motion—cannot now argue that he requires additional discovery to respond to AWG's Motion.

Where a party files a motion pursuant to Rule 56(d) *after* filing a "factually detailed response opposing summary judgment," courts have "questioned whether . . . requested discovery was essential to [the non-moving party's] ability to respond." *See Gutierrez v. Cobos*, 841 F.3d 895, 908 (10th Cir. 2016); *see also Adams v. Allstate Ins. Co.*, 187 F. Supp. 2d 1207, 1213 (C.D. Cal. 2002) (noting that "the fact that Plaintiffs present a detailed and

4

thorough opposition to the present motion belies the assertion that they cannot defend against it" and denying a Rule 56(f) (now Rule 56(d)) motion). Here, Plaintiff filed a detailed opposition brief in response to AWG's Motion, including seven pages of responses to AWG's Statement of Uncontroverted Facts and a little over seven pages of "Additional Material Facts," all with citations to documents produced by AWG and Kelley in the course of discovery. *See* Doc. 65 at pp. 3-17. By the time Plaintiff filed his opposition brief, he had access to AWG's and Kelley's respective Rule 26(a) Initial Disclosures (including hundreds of pages of documents), as well as AWG's and Kelley's respective responses to Plaintiff's opening interrogatories and requests for production of documents. Plaintiff used the information and documents produced by AWG and Kelley to support his opposition, *see id.*, and never once indicated that he could not present essential facts in his opposition or that he needed additional discovery. Consequently, Plaintiff cannot establish that his request for unspecified, additional discovery is essential to his opposition to AWG's Motion.

> **2.    Even if this Court entertains Plaintiff's request pursuant to Rule 56(d), Plaintiff has failed to establish any probable facts that could be obtained through additional discovery and used in opposition to AWG's Motion.**

"[A] non-movant requesting additional discovery under Rule 56(d) 'must specify (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable [the party] to obtain those facts and rebut the motion for summary judgment.'" *Gutierrez*, 841 F.3d at 908 (alteration in original) (quoting *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1249 (10th Cir. 2015)). As courts acknowledge, "[s]peculation cannot support a Rule 56(d) motion." *F.D.I.C. v. Arciero*, 741 F.3d 1111, 1116 (10th Cir. 2013). Plaintiff has failed to show that he is entitled to additional discovery before this Court's ruling on AWG's Motion. The "probable facts" Plaintiff

contends he may discover through additional discovery are nothing more than mere speculation, irrelevant to the issues briefed in AWG's Motion, and/or information that Plaintiff could have testified to in support of his opposition to AWG's Motion, but did not.

As an initial matter, neither Plaintiff's briefing nor the affidavit submitted by Plaintiff's counsel in support of Plaintiff's Motion addresses the *Gutierrez* factors in any detail.  Instead, Plaintiff's counsel speculates that, based on unidentified documents produced in discovery, Plaintiff "is likely to discover admissible evidence" regarding a variety of subjects, including AWG's alleged power to terminate Plaintiff's employment, AWG's alleged role in Kelley's hiring of Plaintiff, the degree to which AWG supervised Plaintiff, and work rules allegedly promulgated by AWG.[1]  *See* Affidavit of Katherine Myers ("Myers Aff.") (Doc. 70-1) ¶¶ 12-16. Plaintiff's omission is material, especially considering the fact that AWG answered Plaintiff's written discovery before Plaintiff filed his opposition to AWG's Motion.[2]  Nor has Plaintiff explained what specific "probable facts" he believes exist, or the reasons why he believes he is "likely" to discover these "probable facts."  Plaintiff's counsel's affidavit, based entirely on generalized speculation, "cannot support a Rule 56(d) motion."  *See Arciero*, 741 F.3d at 1116 (affirming the denial of a Rule 56(d) motion where the moving party failed to identify specific documents it expected to uncover during discovery).

Plaintiff speculates that additional discovery would allow him to discover "potential alterations" to the contract between AWG and Kelley because the contract language allowed the

---

[1]  Essentially, the Affidavit of Plaintiff's counsel contains a request that Plaintiff be allowed to undertake a proverbial "fishing expedition" in hopes that he locates some information which may tell a different story than the one told by the documents already produced or by the original Affidavit of Jerry Burke (Doc. 60-1), attached as an exhibit to AWG's Motion.

[2]  Plaintiff has filed a Motion to Compel with respect to his discovery requests seeking information on complaints of discrimination and/or retaliation made against AWG by other individuals, positions available at AWG in the past five years, and AWG's Employee Handbook. These requests have no bearing on the issues raised in AWG's Motion.

6

parties to agree, in writing, to alternate terms.  *See* Doc. 70 at p. 7; *see also* Exhibit 1 to Affidavit of Jerry Burke ("Burke Aff.") (Doc. 60-1) at Sec. X.d, CMKA000005 (requiring modifications to the agreement between AWG and Kelley to be in writing).  Plaintiff does not provide the basis for his belief that written modifications exist and that additional discovery would lead him to "find evidence of such variances," other than the contract language itself.  *See* Doc. 70 at p. 7; Myers Aff. (Doc. 70-1) ¶ 11.  As this "probable fact" is mere speculation, it should be disregarded.

Plaintiff also contends that he needs additional discovery to "discover whether Defendant AWG or any of its employees believed they had the power to terminate Plaintiff."  *See* Doc. 70 at p. 8; Myers Aff. (Doc. 70-1) ¶ 12.  Plaintiff fails to explain how discovery on a person's subjective belief would assist him in establishing that AWG had the power to *actually* terminate Plaintiff's employment with Kelley.  Indeed, the sworn testimony submitted in support of AWG's Motion suggests that AWG employees did not have this belief.  *See, e.g.*, Burke Aff. (Doc. 60-1) ¶ 13 (noting that AWG employee Jerry Burke contacted Kelley employees to report concerns with Plaintiff rather than take action on his own).  In light of the evidence already adduced, Plaintiff cannot show that additional time for discovery would likely allow him to discover any support for this "probable fact."

Plaintiff further argues that he requires additional discovery to seek admissible evidence to support his contention that certain documents provided by AWG to Kelley were "training materials" and that AWG employees Jerry Burke and Amber Morlan supervised him.[3]  *See* Doc.

---

[3] Plaintiff raised this argument only after AWG noted in its Reply Brief that Plaintiff had relied on inadmissible hearsay in his opposition to AWG's Motion.  AWG notes that, through this argument, Plaintiff appears to understand the hearsay problem recognized by AWG and appears to acknowledge that the document containing "hearsay within hearsay" that he relied upon is inadmissible.  *See* Plaintiff's Motion at p. 8.

56027225.4

70 at p. 8; Myers Aff. (Doc. 70-1) ¶¶ 15-16.   Again, because Plaintiff speculates without specificity that additional discovery will somehow assist Plaintiff in opposing AWG's Motion, these "probable facts" should be disregarded.   Further, sworn testimony from Mr. Burke again contradicts what Plaintiff believes will "likely" be discovered.   *See, e.g.*, Burke Aff. (Doc. 60-1) ¶ 13 (establishing that AWG did not have the power to discipline or formally evaluate the performance of Plaintiff and other Kelley employees).   AWG notes that Plaintiff presumably has knowledge as to what training materials he was provided by AWG and Kelley, as well as the work rules and supervision he was subject to while on site at AWG's Kansas City, Kansas location.   Despite Plaintiff's ability to submit an affidavit in support of his own opposition on these subjects, Plaintiff declined to do so.   Because this information was not previously unavailable to Plaintiff, this Court should deny Plaintiff's Motion.

Somewhat unbelievably, Plaintiff also notes that he needs further discovery which, as his attorney states, would "likely" allow him "to discover admissible evidence regarding the role Defendant AWG played in Plaintiff's hiring."   Myers Aff. (Doc. 70-1) ¶ 14.   This statement wholly ignores, however, the sworn statement of Jerry Burke in his original Affidavit which indicates that during the time Plaintiff worked for Kelley and was assigned to the AWG location, (1) AWG had no involvement in Kelley's hiring, (2) Plaintiff never filled out an application for employment with AWG, (3) no AWG employees interviewed Plaintiff or played any role in Kelley's decision to hire him, and (4) Plaintiff never completed any hiring related documents for AWG.   Burke Aff. (Doc. 60-1) ¶¶ 5-7.   Quite simply, Plaintiff possesses evidence regarding the role AWG played (or, perhaps more appropriately, did *not* play) with regard to his hiring—and his eleventh hour attempt to avoid that evidence should not be sanctioned in the absence of the required showing of specific information he believes might theoretically be established.

As discussed *supra*, Plaintiff's speculation fails to satisfy the test articulated in *Gutierrez*. Plaintiff has not identified (nor could he) specific probable facts that were not previously available that he could obtain through additional discovery and use to rebut the factual and legal arguments raised in AWG's Motion. Plaintiff has therefore failed to establish any reason which would compel this Court to stay its ruling on AWG's Motion.[4]

**B.      Plaintiff's request for leave to file a surreply does not comply with Local Rule 15.1.**

A party may not file a surreply without leave of the Court. *Stevens v. United States*, No. 00-3258-JTM, 2002 WL 1156027, at *1 (D. Kan. May 20, 2002). To request leave to file a surreply, a party must proceed pursuant to Local Rule 15.1:

> A party filing a motion to amend or a motion for leave to file a pleading or other document that may not be filed as a matter of right must:
>
> (1) set forth a concise statement of the amendment or leave sought;
>
> (2) attach the proposed pleading or other document; and
>
> (3) comply with the other requirements of D. Kan. Rules 7.1 through 7.6.

Plaintiff has failed to comply with Local Rule 15.1 because no proposed surreply was attached to Plaintiff's Motion. Consequently, this request should be denied.

Even if Plaintiff had not violated the Local Rule with regard to seeking leave to file a surreply, Plaintiff's Motion should still be denied. Although Plaintiff argues generally that AWG submitted "new" information through the affidavit of AWG employee Jerry Burke, to the extent information could be interpreted as "new" it was raised only to clarify the nature of certain documents relied upon—without context—by Plaintiff in his opposition, *see* Second Affidavit of

---

[4] In fact, to hold otherwise would not be consistent with the mandate of Fed. R. Civ. P. 1 to construe the rules of civil procedure in a manner which would "secure the just, speedy, and inexpensive determination" of every action.

56027225.4

Jerry Burke ("Second Burke Aff.") (Doc. 67-1) ¶¶ 6-7, 11, 14, or additional detail relating to the statements made by Mr. Burke in his initial affidavit.  *See id.* ¶¶ 8-10, 12-13.  Plaintiff has failed to establish the necessity of responding to these statements, as he was either already afforded an opportunity to do so, or he would not need to for purposes of resolving AWG's Motion.  For example, Mr. Burke discusses the limited orientation provided to Plaintiff in both affidavits.  *See* Burke Aff. (Doc. 60-1) ¶ 8; Second Burke. Aff. (Doc. 67-1) ¶ 10.  Plaintiff therefore was aware of Mr. Burke's testimony on the subject and had the opportunity to respond.  Consequently, Plaintiff has failed to establish that AWG has presented any "new" material which would "entitle" him to a surreply.

## V.      CONCLUSION

Plaintiff has failed to establish any grounds for the Court to defer its ruling on AWG's Motion.  Plaintiff cannot show that facts *essential* to his opposition to AWG's Motion could be uncovered through additional discovery.  Further, because Plaintiff has failed to appropriately request leave to file a surreply, Plaintiff's Motion should be denied in its entirety.  For all the reasons stated above, Defendant Associated Wholesale Grocers, Inc. respectfully requests that this Court deny Plaintiff's Motion to Defer Ruling or, in the Alternative, for Leave to File a Surreply, award AWG its costs and fees incurred herein, and grant AWG all such other relief as this Court deems just and proper.

56027225.4

Respectfully submitted,

POLSINELLI PC

By: _/s/Katharine K. Sangha_
Karen R. Glickstein                                    KS #14036
Katharine K. Sangha                                  KS #26232
900 W. 48th Place, Suite 900
Kansas City, MO 64112
Telephone: (816) 753-1000
Facsimile: (816) 753-1536
kglickstein@polsinelli.com
ksangha@polsinelli.com

ATTORNEYS FOR DEFENDANT
ASSOCIATED WHOLESALE GROCERS, INC.

56027225.4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document was filed electronically with the above-captioned court, with notice of case activity to be generated and sent electronically by the Clerk of said court and/or electronically mailed this 13th day of February, 2017 to:

Katherine E. Myers     KS #25833
Alexander Edelman     KS #25821
EDELMAN, LIESEN & MYERS, L.L.P.
4051 Broadway, Ste 4
Kansas City, Missouri 64111
Telephone: (816) 533-4976
Facsimile: (816) 463-8449
kmyers@elmlawkc.com
aedelman@elmlawkc.com

ATTORNEY FOR PLAINTIFF

and

Sean M. Sturdivan     KS #21286
Kaitlin Marsh-Blake   KS# 26462
SANDERS WARREN & RUSSELL LLP
40 Corporate Woods
9401 Indian Creek Parkway, Suite 1250
Overland Park, KS 66210
Telephone: (913) 234-6100
Facsimile: (913) 234-6199
s.sturdivan@swrllp.com
k.marsh-blake@swrllp.com

ATTORNEYS FOR DEFENDANT
CLARENCE M. KELLEY & ASSOCIATES


*/s/Katharine K. Sangha*
ATTORNEYS FOR DEFENDANT
ASSOCIATED WHOLESALE GROCERS, INC.

12

56027225.4