**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

JACOB A. CRUMPLEY,                          )
                                            )
                   Plaintiff,               )
                                            )
v.                                          )          Case No. 2:16-cv-02298-DDC-GLR
                                            )
ASSOCIATED WHOLESALE GROCERS, INC.,         )
ET AL.                                      )
                                            )
                   Defendants.              )

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DEFER**
**RULING OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SURREPLY**

COMES NOW Plaintiff Jacob Crumpley (hereinafter "Plaintiff"), by and through his

undersigned attorneys, for his Reply Memorandum in Support of Plaintiff's Motion to Defer

Ruling on Defendant Associated Wholesale Grocers, Inc.'s (hereinafter "Defendant AWG")

Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted or, in the

Alternative, for Summary Judgment (hereinafter "Motion for Summary Judgment") (Doc. 59),

or, in the Alternative, Motion to File Surreply, states as follows:

**I.      NATURE OF THE MATTER**

Plaintiff responded to a job posting for an EMT/Security Guard, and was hired by and

through Defendant Clarence M. Kelley and Associates, (hereinafter "Defendant Kelley") to work

for Defendant AWG providing security and EMT services at its facility in Kansas City, Kansas.

While Defendant Kelley handled the human resources aspects of Plaintiff's employment and

managed some communications between himself and Defendant AWG's employees, Plaintiff's

work was on behalf of Defendant AWG, for the benefit of Defendant AWG, and at the pleasure

of Defendant AWG. Defendant Kelley made it clear to Plaintiff that as it regarded Plaintiff's

employment, Defendant AWG was in control, and Defendant Kelley would always do whatever Defendant AWG wanted.

Plaintiff has a medical condition which causes him to have infrequent seizures. After he had one at work, Defendant AWG apparently became very nervous about the condition. Rather than work to accommodate Plaintiff, as is required by federal law, it cut back his hours, first in part, and then completely, and terminated him. It specifically instructed his direct supervisor at Defendant Kelley not to tell him or anyone else that his seizures were the reason for his termination. However, it is clear from his statement, and those of the Vice President of Kelley, that Plaintiff's condition was the reason his hours were cut ant that he was eventually terminated.

Before nearly any discovery had been completed, and well before Plaintiff had the opportunity to take a single deposition, Defendant AWG filed a Motion that, in part, sought summary judgment, based largely on documents produced in discovery by various parties (along with a single affidavit). Plaintiff filed his Memorandum in Opposition, and also relied heavily on documents he has received in discovery from Defendants. Plaintiff has not yet taken the depositions of Defendants in order to provide this Court with their deposition testimony in order to lay the proper foundation for the documents they produced. Defendant AWG filed a Reply Memorandum, and the main argument contained therein was that Plaintiff's objections were not supported by admissible evidence.

As this memorandum will demonstrate, Plaintiff has not had the opportunity to conduct adequate discovery in order to produce such evidence. As a result, a ruling on Defendant AWG's motion should be deferred until Plaintiff has the opportunity to conduct further discovery and file

a surreply containing his additional evidence. If the Court will not defer the motion, Plaintiff respectfully requests the opportunity to file a surreply at this time.

## II.   CONCISE STATEMENT OF THE FACTS

1.      On December 15, 2016, Defendant AWG filed its Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted or, in the Alternative, for Summary Judgment. (Doc. 59) It also filed an accompanying Memorandum in Support. (Doc. 60).

2.      On January 5, 2017, Plaintiff filed his Memorandum in Opposition to Defendant AWG's Motion. (Doc. 65).

3.      On January 19, 2017, Defendant AWG filed its Reply Memorandum in Support of its Motion. (Doc. 67).

4.      Defendant AWG's Memorandum relies heavily on assertions that Plaintiff's Memorandum in Opposition is based on inadmissible evidence. (See, e.g. Doc. 67 at 43).

5.      Plaintiff has not yet taken the deposition of any employees, officers, or representatives of Defendant AWG or Defendant Kelley. (Doc. 70-1 at 1, ¶ 5).

6.      In order to present admissible evidence to this Court in its response to Defendant AWG's Motion, Plaintiff must conduct further discovery to obtain additional evidence, including deposition testimony, responsive to Defendant AWG's Motion for Summary Judgment and to obtain deposition testimony which will lay the proper foundation for the documents supporting Plaintiff's opposition to such motion. (Doc. 70-1 at 1-2, ¶ 6).

7.      At this time, Plaintiff cannot present certain facts essential to justify his opposition to Defendant AWG's Motion for Summary Judgment. (Doc. 70-1 at 2, ¶ 7).

## III.   QUESTIONS PRESENTED

Has Plaintiff shown by affidavit or declaration that he cannot present facts essential to justify his opposition to Defendant AWG's Motion for Summary Judgment?

## IV.     ARGUMENT

It is well established that "summary judgment should not be granted where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Trans-Western Petroleum, Inc. v. US Gypsum Co.*, 830 F. 3d 1171 (10th Cir. 2016) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5 (1986)) (internal quotation omitted). When "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," a court may grant relief, including to "defer considering the motion or deny it" or to "allow time to obtain affidavits or declarations or to take discovery." Fed. R. Civ. P. 56(d). A party seeking relief under Rule 56(d) should "identify with some degree of specificity the facts it believes additional discovery will uncover." *Harlan v. United Fire & Cas. Co.*, 2015 WL 4617399, at *4 (D. Kan. July 31, 2015). Once they do, unless the request is "dilatory or lacking in merit," it "should be liberally treated." *Id.*

### A.     Plaintiff's Motion should be granted

Plaintiff has met his burden in identifying those facts that he believes additional discovery will uncover. Therefore, his motion should be granted.

#### 1.     The fact that Plaintiff has responded to Defendant AWG's Motion does not prohibit him from requesting leave under Rule 56(d)

Defendant AWG suggests that Plaintiff filing a response to Defendant AWG's motion for summary judgment means he cannot bring a Rule 56(d) motion to defer ruling on such. (See Doc. 77 at 4). In support of this proposition, Defendant AWG misleadingly quotes a case from the Tenth Circuit. Defendant asserts that where "a party files a motion pursuant to Rule 56(d)

after filing a factually detailed response opposing summary judgment, courts have questioned whether . . . requested discovery was essential to [the non-moving party's] ability to respond." (Doc. 77 at 4) (quoting *Gutierrez v. Cobos*, 841 F.3d 895, 908 (10th Cir. 2016) (internal quotations omitted); also citing *Adams v. Allstate Ins. Co.*, 187 F. Supp. 2d 1207, 1213 (C.D. Cal. 2002)).

The quote in *Gutierrez* refers to the trial court below, which actually considered the fact that the 56(d) motion "came more than three months after" the plaintiffs had filed their response, and the court questioned the need for addition discovery not because of the response itself (as Defendant AWG asserts), but because of "the timing" of the motion so far after the response. 841 F.3d at 908. By contrast, Plaintiff filed his Motion under Rule 56(f) a mere fourteen days after his response, and only ten days after Defendant AWG filed its Reply Suggestions that were the basis for Plaintiff requesting more time.

In the second case, which is not binding precedent, the court mentions that in the specific circumstances of that case "the fact that Plaintiffs present a detailed and thorough opposition to the present motion belies the assertion that they cannot defend against it." *Adams*, 187 F. Supp. 2d at 1213. However, the court first holds that the plaintiffs in that case did not "outline with any specificity what facts Plaintiffs expect to uncover through discovery." *Id.* Defendant AWG cites no authority for the general proposition that a plaintiff filing a brief in response to summary judgment means he is cannot bring a motion under Rule 56(d).

Indeed, Plaintiff filed his Rule 56(d) motion in response to Defendant AWG's Reply Memorandum in support of its Motion for Summary Judgment. It was Defendant AWG who insisted that several of Plaintiff's arguments contravening its purported statements of material

fact "must be disregarded because" Plaintiff failed "to cite to appropriate record evidence to support his assertions." (Doc. 67 at 2). Defendant AWG cannot argue both that its summary judgment motion should be granted because Plaintiff cannot cite admissible evidence and that Plaintiff's Rule 56(d) motion should be denied because he was able to fully respond to the summary judgment motion.

Because Defendant AWG has attacked the admissibility of the documents that form the basis of Plaintiff's response to its Motions for Summary Judgment, Plaintiff should be provided the opportunity to conduct additional discovery to procure admissible evidence to support his assertions.

> **2.** **Plaintiff has filed an affidavit showing, for specified reason, that he cannot present facts essential to justify his opposition**

Defendant next argues that Plaintiff failed to meet his burden under Rule 56(d). Defendant AWG cites an enumeration of what a plaintiff must specify from *Gutierrez*, and then complains than "neither Plaintiff's briefing nor the affidavit submitted by Plaintiff's counsel in support of Plaintiff's Motion addresses the *Gutierrez* factors in any detail." (Doc. 77 at 5-6) (citing 841 F.3d at 908). While Plaintiff did not use the same specific framework Defendant AWG has cited, the affidavit and briefing do specify each of the required elements.

A party requesting additional discovery under Rule 56(d) "must specify (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable [the party] to obtain those facts and rebut the motion for summary judgment." *Gutierrez*, 841 F.3d at 908 (internal citations omitted). Rather than contend that Plaintiff has failed to show any of these elements, Defendant AWG's memorandum primarily quibbles with *how* probable certain facts are. None of the

authority cited by Defendant AWG make such an inquiry, and Defendant AWG's arguments seem intended to distract from true legal question.

Plaintiff has enumerated numerous probable facts that are not currently available to him. For example, Plaintiff specified that he believed he would discover "the degree of supervision over Plaintiff provided by Defendant AWG's employees." (Doc. 70-1 at 2, ¶ 15). He also specified that he would discover that certain documents created by Defendant AWG "represented work rules promulgated by Defendant AWG that governed Plaintiff's employment." (Doc. 70-1 at 2, ¶ 16).

Plaintiff also specifies why the facts cannot be presented currently. He explains that because he has not had the opportunity to take the depositions of Defendant AWG's employees, he does not have the information he would learn in such depositions, and therefore and cannot present those facts. (Doc. 70 at 6).

Further, Plaintiff explained what steps have been taken to obtain those probable facts. As Plaintiff lays out, he is "currently engaged in written discovery with both Defendants in order to obtain the documentation which he intends to use in the depositions of the parties." (Doc. 70 at 9).

Finally, a party must specify how additional time will enable that party to obtain those facts and rebut the motion for summary judgment. Plaintiff repeatedly specifies that by being given adequate time to take the depositions of Defendant AWG's employees, he would be able to find the probable relevant facts. (Doc. 70 at 7-8). For example, he stated "if Plaintiff was able to depose Ms. Morlan, he would likely be able to produce admissible evidence regarding her degree of supervision over Plaintiff." (Doc. 70 at 8).

Unable to deny that Plaintiff has met these elements, Defendant AWG instead questions how probable the individual facts Plaintiff seeks are. For example, Defendant AWG dismisses the probability that Defendant AWG and Defendant Kelley varied the original terms of their relationship as "mere speculation." (Doc. 77 at 7). However, as Plaintiff stated, documents already produced in discovery show that it is probable he will find such facts. (Doc. 70-1 at 2, ¶ 11). First, the language in the contract itself—which was presumably negotiated by both parties —allows for Defendants to alter their respective degrees of control over Plaintiff's employment through subsequent agreement. (Doc. 70 at 7) (citing Doc. 60-1 at 7, III.b,c). Moreover, other documents produced in discovery suggest that Defendants significantly changed the nature and extent of Defendant AWG's control over Plaintiff's work. For example, an email shows that Defendant AWG went from the limited control it claims the contract provides to a circumstance in which Defendant Kelley would do whatever Defendant AWG wished with regard to Plaintiff's employment. (Doc. 60-10 at 22). Plaintiff is correct in stating that it is probable he will discover evidence showing the facts that gave rise to such a change.

Next, Defendant AWG seems to question the relevance of another of Plaintiff's probable facts. "Plaintiff fails to explain how discovery on a person's subjective belief would assist him in establishing that AWG had the power to actually terminate Plaintiff's employment with Kelley." (Doc. 77 at 7). In fact, Plaintiff explained precisely why that is relevant, citing authority that used such subjective belief to consider whether a party had the power to terminate an employee. (Doc. 70 at 7-8) (citing *Knitter v. Corvias Military Living, LLC*, 758 F.3d 1214, 1229 (10th Cir. 2014)). Additionally, as Plaintiff stated, the belief that such documents will be found is based on discovery already produced. For example, an employee of Defendant Kelley recounted a

conversation with an employee of Defendant AWG during which the latter instructed the former

not to terminate Plaintiff.  (Doc. 65-9). This suggests the employee of Defendant AWG believed

he had control over whether or not Plaintiff was terminated.

Defendant AWG also asserts that Plaintiff will not discover probable facts because some

of those facts seem to be at odds with the affidavits signed by their employee, Jeff Burke. (Doc.

77 at 7-8). Defendant AWG attempts to impose a standard for Rule 56(d) wholly unsupported by

both authority and logic; in order to be granted time to seek evidence of a certain fact, Plaintiff

must prove that fact from the evidence he already has. That would render Rule 56(d)

meaningless, and permit any party to have a case dismissed based on a party affidavit stating a

Plaintiff will not be able to find evidence to prove his case.

Because Plaintiff has met his burden for showing he is likely to discover new facts if

additional discovery his conducted, his motion should be granted.

### B.      Surreply

Defendant AWG is correct in its citation to the local rule requiring a motion for leave to

file a document that may be filed as a matter of right include the proposed document. D. Kan.

Local Rule 15.1(2). Attorneys for Plaintiff have not drafted such a proposed document. Instead,

Plaintiff intended to give the Court notice that if his motion under Rule 56(d) was denied, he

planned to file a separate motion for leave to file a surreply. Plaintiff apologizes to the Court and

to counsel for any confusion.

## V.      CONCLUSION

Defendant AWG claims that Plaintiff's Memorandum in Opposition to its Motion for

Summary Judgment is inadequate because it relies of inadmissible documents. At the same time,

it argues that Plaintiff's Motion to Defer Ruling should be denied because he has fully presented his arguments against its Motion for Summary Judgment. These two arguments are at odds, and for this Court to deny Plaintiff the opportunity to conduct more discovery and then rule in favor of summary judgment would result in a great injustice to Plaintiff.

Plaintiff has shown this by affidavit that he is likely to discover facts he needs to fully respond to Defendant AWG's Motion for Summary Judgment with admissible evidence. Therefore, under Fed. R. Civ. P. 56(d), his motion should be granted, and Defendant AWG's Motion for Summary Judgment should either be dismissed or the ruling on such motion deferred.

If this Court does not grant Plaintiff's motion pursuant to Rule 56(d), he requests the Court grant him the opportunity to file a Motion for Leave to File a Surreply so he can address the new allegations of Defendant AWG and the contents of the new affidavit it filed.

WHEREFORE, Plaintiff Jacob Crumpley humbly requests that if this Court does not enter an Order Denying Defendant Associated Wholesale Grocers, Inc.'s Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted or, in the Alternative, for Summary Judgment (Doc. 59), then it enter an Order deferring ruling on said Motion until the close of discovery pursuant to Fed. R. Civ. P. 56(d)(1), or, in the alternative, allowing Plaintiff time to obtain affidavits and take discovery pursuant to Fed. R. Civ. P. 56(d)(2), and for any further relief which this Court deems just and proper. If the Court will not grant such motion, Plaintiff requests to file a Motion for Leave to File a Surreply Memorandum in Opposition.

Date: February 27, 2017                          Respectfully submitted,

                                                 By: /s/ Alexander Edelman
                                                 Alexander Edelman,      #KS- 25821
                                                 Katherine E. Myers,      #KS- 25833
                                                 Edelman, Liesen & Myers, L.L.P.
                                                 4051 Broadway, Suite 4
                                                 Kansas City, MO 64111
                                                 816-533-4976
                                                 Fax: 816-463-8449
                                                 aedelman@elmlawkc.com
                                                 kmyers@elmlawkc.com

                                                 **ATTORNEYS FOR PLAINTIFF**

                           **CERTIFICATE OF SERVICE**

       I hereby certify that on this 27th day of February, 2017, a true and correct copy of the

foregoing was filed with the CM/ECF system which sent notification to:

    Sean M. Sturdivan
    Kaitlin Marsh-Blake
    Sanders Warren & Russell LLP
    9401 Indian Creek Parkway, Suite 1250
    Overland Park, Kansas 66210
    Phone: (913) 234-6100 Fax: (913) 234-6199
    s.sturdivan@swrllp.com
    K.marsh-blake@swrllp.com
    ATTORNEYS FOR DEFENDANT CLARENCE M. KELLEY & ASSOC.

    Karen R. Glickstein
    Katharine K. Sangha
    POLSINELLI PC
    900 West 48th Place
    Kansas City, MO 64112
    Phone: 816-753-1000
    Fax: 816-753-1536
    kglickstein@polsinelli.com
    ksangha@polsinelli.com
    ATTORNEYS FOR DEFENDANT ASSOCIATED WHOLESALE GROCERS, INC.

                                      By: /s/ Alexander Edelman
                                          ALEXANDER EDELMAN
                                          ATTORNEY FOR PLAINTIFF

                                          -11-