**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

JACOB CRUMPLEY,

    Plaintiff,

v.

ASSOCIATED WHOLESALE GROCERS,
INC., et al.,

    Defendants.

Case No. 16-2298-DDC-GLR

## MEMORANDUM AND ORDER

Plaintiff filed this action for alleged disability discrimination and retaliation under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12111 *et seq*. ("ADA"). He alleges that Defendant Associated Wholesale Grocers, Inc. ("AWG") and Defendant Clarence M. Kelley & Associates, Inc. were both his employers, and that both unlawfully discriminated and retaliated against him. The matter before the Court is Plaintiff's Motion to Compel Discovery (ECF 74). The motion is directed only against Defendant AWG. Plaintiff thereby seeks an order to compel responses from AWG to Interrogatory Nos. 6 and 11 and production of documents to Request Nos. 31 and 32. As detailed below, the Court grants in part and denies in part the motion.

**I. Interrogatories**

    **A. Interrogatory No. 6**

Plaintiff requests the following information:

> 6. Has Defendant been a party to any lawsuits, investigations or been involved in any litigation or complaints filed with any governmental agencies within the last five (5) years where there were allegations of discrimination based upon disability, failure to provide reasonable accommodations, retaliation for exercising a protected right or claims of discrimination, or alleged violations of

>     the [Family Medical Leave Act] based upon any state or federal
>     discrimination law? If so, please:
>         a. State the following for each lawsuit or litigation:
>             i) The federal or state court or agency in which it was filed;
>             ii) The style and case number;
>             iii) The city, county, and state where each lawsuit or
>             complaint was filed;
>             iv) The date on which it was filed;
>             vi) [sic] Whether each lawsuit, litigation or complaint is
>             currently pending, is scheduled for trial or has been
>             resolved; and
>             vii) How the lawsuit, litigation or complaint was resolved.

(ECF 74-2 at 4-5.)

AWG's Response:

> Defendant objects to this Interrogatory on the grounds that it is
> overly broad and unduly burdensome as it is not reasonably limited
> as to geographic scope or to individuals similarly situated to
> Plaintiff. In addition it seeks information regarding the allegations
> of FMLA violations which is information outside the scope of the
> allegations in the current lawsuit. Consequently, the Interrogatory
> is not proportional to the needs of the case. Defendant further
> objects to this Interrogatory on the grounds that it seeks
> information entirely irrelevant to Plaintiff's claims and the
> allegations contained in Plaintiff's First Amended Complaint.
> Defendant also objects to this Interrogatory to the extent that it
> seeks personal and confidential information of individuals not
> party to this litigation, including confidential employment-related
> and medical information.

(*Id.* at 5.)

Plaintiff states that he narrowed the information originally sought and is now only seeking unproduced information relating to the Family and Medical Leave Act ("FMLA") for AWG's Kansas City, Kansas location. Indeed, AWG produced information pertaining to litigation relating to other claims under the ADA. It argues that discovery regarding other forms of discrimination is irrelevant and not generally permitted. For instance, Plaintiff's claim in this

2

case involves the Americans with Disabilities Act ("ADA"); whereas the discovery sought involves AWG's litigation of claims involving the FMLA.

Generally, "a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."[1] "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad discovery."[2] When relevancy is not readily apparent, however, the party seeking discovery has the burden of showing the relevancy of the discovery request.[3]

Plaintiff argues that he seeks relevant information, because evidence of complaints of discrimination or retaliation by other employees due to their medical conditions may be probative of AWG's discriminatory or retaliatory intent—and thus a jury could infer from such information that AWG acted with discriminatory or retaliatory intent when it terminated Plaintiff. The Court agrees and finds this establishes that relevancy is apparent. Thus, AWG bears the burden of showing irrelevance or, in the case of marginally relevant discovery, potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad discovery.

Despite AWG's arguments and authorities to the contrary, the Court is persuaded that discrimination in the form of the denial of such leave, or in the form of retaliation for taking such

---

[1] *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001); s*ee also* Fed. R. Civ. P. 26(b)(1).
[2] *Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).
[3] *Pulsecard, Inc. v. Discover Card Servs.*, 168 F.R.D. 295, 309 (D. Kan. 1996) (citation omitted).

leave, can constitute discrimination under both the FMLA and the ADA.[4] While AWG is correct that the FMLA and ADA create different rights, the Court is not convinced this precludes discovery of evidence of one when only the other is alleged. This is especially true where there is significant interplay between the two causes of action, as evidenced by 29 C.F.R. § 825.702. Indeed, the Court might hold differently, if Plaintiff were seeking discovery about other types of discrimination, as he did before narrowing his request.

Defendant has not supported its contention that the interrogatory is unduly burdensome. Accordingly, the Court finds the request is not unduly burdensome, particularly as to Plaintiff's narrowed scope. The Court thus limits this holding to require the discovery only as to information within the narrowed scope Plaintiff has described, i.e. the FMLA and as to AWG's Kansas City, Kansas, location. The Court thus overrules the objection to Interrogatory No. 6, and directs AWG to produce the discovery as requested, limited to the FMLA and to AWG's Kansas City, Kansas, location(s).

### B. Interrogatory No. 11

Plaintiff requests the following information in his eleventh interrogatory:

> Please identify all available job positions Defendant has had in the previous five years at its Kansas City, KS location. For each, please:
> a) Name of available position
> b) When did Defendant fill available job positions
> c) With whom did Defendant fill the available job positions
> d) Did Defendant advertise to fill the available job positions, and if so, in what manner?

(ECF 74-2 at 7.)

AWG's Answer:

---

[4] *See* 29 C.F.R. § 825.702(c)(2); *see also Capps v. Mondelez Glob., LLC*, 847 F.3d 144, 156 (3d Cir. 2017) ("We recognize that a request for FMLA leave may qualify, under certain circumstances, as a request for a reasonable accommodation under the ADA, *see* 29 C.F.R. § 825.702(c)(2) . . . .").

4

> Defendant objects to this Interrogatory on the ground that it is overbroad and unduly burdensome in that it is not reasonably limited as to positions for which Plaintiff applied and/or was qualified, and, therefore, is not proportional to the needs to the case. Subject to and without waiving this objection, Defendant states that it has only hired two non-supervisory EMT/Security Guards at its Kansas City Kansas location between 2014 and the present. The posting used for both of these positions will be produced.

(*Id.*)

Plaintiff states that in discussions with AWG's counsel, he attempted to limit this interrogatory to the positions for which Plaintiff was qualified. He argues the information is relevant in two primary ways. First, because Plaintiff alleges a joint-employer theory, whether AWG was Plaintiff's employer under the law is an unresolved issue. This means that the requested discovery may demonstrate AWG's role in regard to Plaintiff's employment. Second, Plaintiff believes one of AWG's future arguments may be that Plaintiff was not qualified for the job from which he was terminated. Because the ADA has a reasonable accommodation element, Plaintiff argues he should be able to discover what other job positions were open in which he could have been placed as a reasonable accommodation.

AWG argues the interrogatory is overly broad, speculative, and irrelevant. For instance, AWG suggests that information regarding open positions that Plaintiff was "qualified for" during the past five years is irrelevant, because Plaintiff never indicated any interest in another position. AWG argues that it had no duty to reasonably accommodate Plaintiff, if it was not his employer. AWG is also unsure how it would determine in hindsight whether Plaintiff was "qualified" for a particular position, given that AWG allegedly never evaluated Plaintiff's resume or application, nor did anyone interview him for the security guard position he ultimately obtained. AWG also argues the request is not proportional to the needs of the case because many of the jobs that may

5

have been open during the five-year period were governed by a bidding process under the terms of a collective bargaining agreement. Finally, AWG argues the temporal scope of the interrogatory is overbroad in that Plaintiff only worked at AWG's facility from March 2014 to August 2014. Thus AWG contends the only open positions that are relevant to this case were those open during the summer and fall of 2014.

The Court finds that AWG's production of all non-supervisory EMT/Security Guard positions available at its Kansas City facility between 2014 and the present adequately responds to this interrogatory. AWG is correct that a request for information as to all available job positions is overly broad and irrelevant. Plaintiff applied for and was hired for a security position. That a florist position, for example, may have been available is not relevant here.

### C. Requests for Production 31 & 32

Plaintiff requests the following information in his requests for production:

> 31. All policies/procedures to which Plaintiff was required to follow while employed by AWG.

AWG's Answer:

> Plaintiff was employed by Kelley and not by AWG. AWG understands from documents produced during discovery that Plaintiff agreed to follow a number of policies and procedures of co-Defendant Kelley and signed off on acknowledgment forms of Kelley to this effect. Kelley, and not AWG, would be in possession of these policies/procedures to the extent they exist in writing. During the time he was onsite at AWG, it was expected that Plaintiff would abide by the post orders in effect at the time. Those post orders have previously been produced. In addition, AWG notes that during discovery co-defendant Kelley has produced certain email correspondence between Kelley employees and Plaintiff (as well as to other Kelley employees) which could be deemed responsive to this request.

Plaintiff requests the following information in request 32:

> 32. All disciplinary policies utilized by Defendant at Defendant's Kansas City, KS location from March 2014-present.

AWG's Answer:

> Defendant objects to this Request on the grounds that it seeks documents entirely unrelated to Plaintiff's claims as Plaintiff was employed by co-Defendant Kelley, not AWG. Pursuant to the contract between AWG and Kelley, Kelley was solely responsible for directing and supervising Plaintiff, and, from documents produced during discovery, AWG understands that Plaintiff agreed to follow a number of policies and procedures of co-Defendant Kelley, signing off on acknowledgement forms of Kelley to this effect.

AWG asserts Plaintiff was not its employee and thus never subjected to its policies. The Court notes that this is a valid objection to the request, as written. Rather than requiring Plaintiff to reword his request, the Court orders production because the employment relationship between Plaintiff and AWG remains a live issue in this case. But the Court makes no findings at this point as to whether any employer-employee relationship ever existed between Plaintiff and AWG. His request is otherwise relevant and proportional to the needs of the case. If AWG is found not to be Plaintiff's employer, the discovery of these documents will not prejudice it. It may be relevant, however, if AWG is found to have been Plaintiff's employer—joint or otherwise. The Agreed Protective Order (ECF 32) also avoids any potential prejudice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Compel Discovery (ECF 74) is granted in part and denied in part. With respect to Interrogatory 11 and Requests for Production 31 and 32, Plaintiff's request is granted. AWG is directed to produce to Plaintiff the discovery as discussed herein on or before May 12, 2017. With respect to

Interrogatory 12, Plaintiff's request is denied.

Dated April 28, 2017, at Kansas City, Kansas.

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge