# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JACOB CRUMPLEY,

    Plaintiff,

v.

ASSOCIATED WHOLESALE GROCERS, INC., et al.,

    Defendants.

Case No. 16-2298-DDC-GLR

## MEMORANDUM AND ORDER

The matter before the Court is Plaintiff's Motion to Amend Scheduling Order and for Sanctions (ECF 141). For the reasons below, the Court grants in part, denies in part, and defers in part Plaintiff's motion.

## I. Amending the Scheduling Order

The parties agree that an amendment to the Scheduling Order (ECF 47), as modified by the Court (ECF 118, 157), is warranted. In particular, the parties wish to extend the discovery deadline, and thus the deadlines for dispositive motions and motions challenging the admissibility of expert witnesses. With respect to discovery, the parties agree discovery should be extended, but they disagree as to how long and the scope of discovery. Plaintiff wants three months of unlimited discovery. Defendants do not proffer a time period, but request the discovery period have limits. The parties filed supplemental briefs, outlining what discovery remains outstanding (ECF 159, 160, 161). After review, and for good cause, the Court enters the following amended schedule:

- Discovery Deadline: September 29, 2017

- Dispositive Motions: October 29, 2017

- Motions Challenging Admissibility of Expert Testimony: October 29, 2017

- Proposed Pretrial Order: October 3, 2017

- Final Pretrial Conference: October 10, 2017 at 1:15 p.m.

- Jury Trial (5-6 days): July 10, 2018 at 9:00 a.m.

In addition to this schedule, the Court also imposes the following limitations on depositions. Because the parties agree that Erin Neuberger may be deposed, the Court authorizes her deposition, subject to the limitations agreed to by the parties in the Scheduling Order (ECF 30)—no more than 7 hours for each party. The parties disagree as to the deposition of Jerry Burke, who has already been deposed on two occasions for a total of 11 hours. Plaintiff requests that he be allowed to depose Mr. Burke for an additional 11 hours—4 in his capacity as a Rule 30(b)(6) witness and 7 in his capacity as an individual witness. Plaintiff argues that Associated Wholesale Grocer ("AWG")'s defense counsel repeatedly and improperly objected, eating up a significant portion of the 11 hours already taken. AWG disagrees, argues that Plaintiff is equally culpable, and points out that, even accounting for objection time, Plaintiff has already deposed Mr. Burke for approximately 7 hours. AWG suggests Plaintiff's deposition of Mr. Burke be limited to 2 hours. Defendant Clarence M. Kelley and Associates ("CMKA") only request that it be allowed to depose Mr. Burke for 2 hours, which AWG does not oppose. The Court finds as follows. Plaintiff may depose Mr. Burke for a total of 4 hours and is free to allocate those four hours of testimony however he wishes—i.e. individual capacity or Rule 30(b)(6) capacity. Defendant CMKA may depose Mr. Burke for a total of 3 hours.

Finally, with regard to the depositions, the parties are reminded of the rules for objections as set forth in Fed. R. Civ. P. 30(c) and *Cincinnati Ins. Co. v. Serrano*, No. 11-2075-JAR, 2012 WL 28071 (D. Kan. Jan. 5, 2012).

## II. Special Master

Plaintiff asks the Court to appoint a special master to supervise the remaining discovery in this case. Defendants oppose this request. The appointment of a special master is governed by Federal Rule of Civil Procedure 53. It states, in relevant part: "a court may appoint a master only to: (C) address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district."[1] The decision to appoint a special master lies within the discretion of the Court.[2] The Court declines to appoint a special master in this case. Discovery is or should be almost complete. The Court should be able to address whatever remaining pretrial matters require its attention

## III. Sanctions

Plaintiff also moves for sanctions for discovery violations, pursuant to Fed. R. Civ. P. 26 and 37. Given the extension of the discovery period, the outstanding discovery issues identified by the parties, and the pending motions to compel (122, 155), the Court defers ruling on the sanctions portion of Plaintiff's motion until after discovery has closed.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Amend Scheduling Order and for Sanctions (ECF 141) is granted in part, denied in part, and deferred in part. It is granted as to amend the scheduling order; denied as to the special master; and deferred as to request for sanctions.

Dated August 24, 2017, at Kansas City, Kansas.

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge

---

[1] Fed. R. Civ. P. 53(a)(1)(C).

[2] *Bradshaw v. Thompson*, 454 F.2d 75, 80 (6th Cir. 1972).