IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JACOB CRUMPLEY,

    Plaintiff,

v.

ASSOCIATED WHOLESALE GROCERS,
INC., et al.,

    Defendants.

Case No. 16-2298-DDC-GLR

## MEMORANDUM AND ORDER

The Court has before it two motions, each entitled Plaintiff's Motion to Compel (ECF 122 & 155). Each of them asks the Court to compel Defendant Clarence M. Kelley and Associates, Inc. (CMKA) to produce to Plaintiff documents which Defendant contends to be either privileged or work product. The Court also addresses Plaintiff's earlier request for sanctions.[1] (*See* ECF 141). For the following reasons, the Court denies both motions to compel, as well as the request for sanctions.

### I. Background

Plaintiff filed a Motion to Compel (ECF 122), seeking twelve of the fourteen[2] emails listed in the privilege log, which CMKA had submitted in March (the "March Log"). Plaintiff contends that CMKA's privilege log fails to comply with the requirements in this District, and thus all twelve documents should be produced. In response to this motion, CMKA filed an amended privilege log (the "May Log") in an attempt to rectify the deficiencies identified by

---

[1] The Court otherwise granted the motion as to amending the scheduling order and denied the motion as to Plaintiff's request for a special master.

[2] CMKA withdrew a claim of privilege as to one document, and another document is referred two twice. Thus, Plaintiff seeks all documents on the privilege log.

Plaintiff. On June 15, 2017, the day before the then-deadline of discovery, CMKA sent to Plaintiff its latest amended privilege log (the "June Log"), which blossomed from two pages (addressing 14 documents) to fifty-seven pages (244 documents). The June Log includes the fourteen documents of the March and May Logs. In July Plaintiff filed another Motion to Compel (ECF 155) against CMKA. It seeks all of the approximately 244 documents listed in the June Log. Because the June Log encompasses all documents Plaintiff seeks to compel, the Court treats the motions together as a single motion to compel.

## II. Legal Standards

The party seeking to assert a privilege has the burden of establishing that it applies. Federal Rule of Civil Procedure 26(b)(5)(A)(ii) provides:

> "When a party withholds information otherwise discoverable by claiming that the information is privileged . . . the party must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged . . . will enable the parties to assess the claim."[3]

Parties make this showing by creating a privilege log, and courts in this District have repeatedly outlined the criteria a privilege log must contain:

> 1. A description of the document explaining whether the document is a memorandum, letter, e-mail, etc.;
> 2. The date upon which the document was prepared;
> 3. The date of the document (if different from # 2);
> 4. The identity of the person(s) who prepared the document;
> 5. The identity of the person(s) for whom the document was prepared, as well as the identities of those to whom the document and copies of the document were directed, "including an evidentiary showing based on competent evidence supporting any assertion that the document was created under the supervision of an attorney;"
> 6. The purpose of preparing the document, including an evidentiary showing, based on competent evidence, "supporting

---

[3] Fed. R. Civ. P. 26(b)(5)(A)(ii).

> any assertion that the document was prepared in the course of adversarial litigation or in anticipation of a threat of adversarial litigation that was real and imminent;" a similar evidentiary showing that the subject of communications within the document relates to seeking or giving legal advice; and a showing, again based on competent evidence, "that the documents do not contain or incorporate non-privileged underlying facts;"
> 7. The number of pages of the document;
> 8. The party's basis for withholding discovery of the document (i.e., the specific privilege or protection being asserted); and
> 9. Any other pertinent information necessary to establish the elements of each asserted privilege.[4]

At very least a privilege log should contain sufficient information to enable an opposing party and the court to evaluate the claim of privilege or work product. If a party fails to carry its burden to establish that the withheld documents are privileged or work product, the court may conclude that the privilege is waived.[5]

### III. Discussion

The briefing of the motions raises some ancillary issues,[6] but the primary issue is whether the attorney-client privilege and work product apply to the documents listed in the logs. For the following reasons, the Court finds CMKA's Logs fail to describe the nature of the documents in a manner that enables Plaintiff or the Court to assess the applicability of the privilege or protection.[7]

---

[4] *In re Syngenta AG MIR 162 Corn Litig.*, No. 14-MD-2591-JWL, 2017 WL 1106257, at *5 (D. Kan. Mar. 24, 2017) (internal citations omitted).

[5] *Id.*

[6] For instance, in Plaintiff's first motion to compel before the Court, the documents were inadvertently produced to Plaintiff. The parties then briefly outline their discussions about returning, withdrawing, or otherwise sealing the documents. At one point, CMKA suggests it would file a motion to withdraw the documents, presumably to take advantage of the claw back procedures in the Protective Order (*See* ECF 32 at ¶18). Because the inadvertent disclosure only applies to 14 of the 244 documents between the two motions to compel, and because the parties barely brief the issue, the Court addresses only whether the documents are subject to any privilege and/or whether such privilege has been waived.

[7] *Heavin v. Owens-Corning Fiberglass*, No. 02-2572-KHV-DJW, 2004 WL 316072, at *1 (D. Kan. Feb. 3, 2004).

None of the Logs contain sufficient information to enable the opposing party and the Court to evaluate the claimed privilege.[8] Specifically, the logs lack "competent evidence" to support the claims of privilege or work product. The Court cannot reasonably determine whether the requested protection against discovery applies to the documents listed on the logs.

The March log does not meet the criteria for what a privilege log should contain, because it fails to list the privileges being asserted.[9] Without an *explicit* privilege reference, opposing parties and the Court are left to guess which privileges are actually being asserted.[10] Statements are inadequate, if they do no more than imply the asserted privileges. CMKA remedied that particular defect, however, in its May Log.

The May Log, like the March Log, however, fails to meet another crucial requirement: competent evidence to support its claim of privilege or work product as to each document. CMKA argues its affidavit of Rod Smith, CMKA's Vice President and Chief Operating Officer and General Partner, constitutes competent evidence. But that puts the proverbial cart before the horse. Here, CMKA did not supply the affidavit with its March Log. Our cases have repeatedly held that the privilege log itself must contain competent evidence. Simply attaching an affidavit to the *response to a motion to compel* misses the point of privilege logs: to help the opposing party to assess a claim of privilege accurately, which in turn should preclude unnecessary motions to compel. Additionally, if a log is ultimately challenged, the Court can determine from the log whether or not the privilege has been established by competent evidence. CMKA

---

[8] Fed. R. Civ. P. 26(b)(5)(A)(ii); *see also In re Syngenta*, 2017 WL 1106257, at *5.

[9] Fed. R. Civ. P. 26(b)(5)(A)(i).

[10] CMKA points out that Plaintiff knew which privileges were being asserted based on the parties' email exchanges. While this is perhaps true, the privileges must be stated explicitly on the Logs. Similarly, CMKA contends the inclusion of Bates stamps constitutes compliance with the requirement to provide page numbers. The Court rejects this argument. Privilege logs should contain explicit page counts (i.e. 4 pages), just as CMKA provided in its May Log.

repeated the deficiency with its June log. It included neither affidavit nor otherwise supporting facts to support its contentions.

Even if the Court considered Mr. Smith's affidavit as competent evidence, the Court would reach the same conclusion. While the affidavit helpfully explains the roles of the persons mentioned in the privilege log, the affidavit, as evidence, is insufficient to establish all of the elements of privilege. The affidavit merely recites CMKA's treatment and approach to Plaintiff's KHRC claim(s). In this way, the affidavit is an attempt to apply a blank claim of privilege upon all the documents on the log. And blanket claims of privilege are improper.[11] The affidavit does not explain why any particular document is privileged. For instance, it does not state that the "Email" with Bates stamps 000833-000834 is privileged because it contains legal advice, a witness' statement, the attorney's impressions of the case, or an evaluation of a settlement proposal. Finally, the Court cannot consider Mr. Smith's affidavit as competent evidence to support the June Log. Were it to apply to the March and May Logs, it then speaks—at most—to fourteen documents. In contrast, the June Log contains an additional 230 documents. Without subsequent updating, the affidavit could hardly constitute evidence sufficient to establish the elements of privilege as to each of the new documents.

For these reasons the Court finds that CMKA's logs are inadequate. The logs lack sufficient information to enable the opposing party—and the Court—to evaluate the claimed privileges or work product as to each of the documents. CMKA fails to carry its burden to establish that any of the documents withheld are subject to privilege. "In the absence of evidence indicating bad faith on the part of [CMKA], however, the Court will decline to find

---

[11] *Heavin*, 2004 WL 316072, at *2.

5

waiver and will order [CMKA] to submit [another] amended privilege log that fully and adequately complies with the requirements set forth herein."[12]

### B. Plaintiff's Request for Sanctions

The motions and the briefing suggest that the parties and their counsel have been unnecessarily contentious in pursuing their discovery or in opposing it. And they suggest and request, accordingly, that the Court impose appropriate sanctions against the opposition. Having reviewed the exhibits to their memoranda, the Court could perhaps justifiably do so. But it declines to do so. And it finds it unnecessary to do so. In some instances it would be difficult to determine which of the parties—and possibly more than one—should bear the burden of a sanction.

The Court need not resolve this subsidiary issue. Plaintiff's Certificate of Compliance (ECF 142-1) does not address the issue of sanctions. D. Kan. Rule 37.2 states, in pertinent part:

> The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37 . . . unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. Every certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute.

Plaintiff's Certificate of Compliance discusses only his attempt to resolve the *scheduling* portion of his motion. Neither the request for a special master nor the request for sanctions are mentioned. Accordingly, the Court declines to entertain the motion for sanctions.

Aside the lack of compliance with the rule, and for the reasons already stated, the Court finds no reasonable need for imposing sanctions on any party or counsel—other than a directive

---

[12] *Id.* at *1.

to all the parties and their counsel that the Court expects them to pursue their representation of their clients not only with zeal, but also with professional competence and courtesy toward their opposition at all times.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motions to Compel (ECF 122 & 155) are denied.  The Court will require, however, that Defendant CMKA comply with the following directions, however, if it intends to retain any privilege or protection as work product for the documents that are the subject of these motions:  On or before November 13, 2017, Defendant CMKA shall provide a privilege log that contains the following:

1. A description of the document explaining whether the document is a memorandum, letter, e-mail, etc.;

2. The date upon which the document was prepared;

3. The date of the document (if different from # 2);

4. The identity of the person(s) who prepared the document, along with their role(s) in the company and litigation;

5. The identity of the person(s) for whom the document was prepared, as well as the identities of those to whom the document and copies of the document were directed, "including an evidentiary showing based on competent evidence supporting any assertion that the document was created under the supervision of an attorney" and the role(s) of such person(s) in the defendant company and in this litigation.

6. The purpose of preparing the document, including an evidentiary showing, based on competent evidence, "supporting any assertion that the document was prepared in the course of adversarial litigation or in anticipation of a threat of adversarial litigation that was real and imminent;" a similar evidentiary showing that the subject of communications within the

document relates to seeking or giving legal advice; and a showing, based on competent evidence, "that the documents do not contain or incorporate non-privileged underlying facts";

7. The number of pages of the document and any attachments thereto (e.g. 4 pages);

8. The party's basis for withholding discovery of the document (i.e., the specific privilege or protection being asserted); and

9. Any other pertinent information necessary to establish the elements of the privilege or character as work product.

**IT IS FURTHER ORDERED** that the sanctions request in Plaintiff's Motion to Amend the Scheduling Order and for Sanctions (ECF 141) is denied.

**IT IS SO ORDERED.**

Dated October 27, 2017, at Kansas City, Kansas.

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge